

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

 D

ATTORNEY GENERAL.

Honorable Grady Hazlewood
Chairman, Senate Committee on
Public Lands and Land Office
Austin, Texas

Dear Sir:

Opinion No. O-6320
Re: Would the counties named in
Section 1 of Senate Bill  No. 386,
have authority to purchase Palo
Duro State Park for the purposes
herein set forth? And related ques-
tions.

     We have your opinion request of recent date, reading as follows:

"As Chairman of the Public Lands and Land Office Committee, I have been re-
quested to prepare and introduce a bill which will permit two or more count-
ies to purchase and develop for park purposes, build a dam, and provide for
water conservation and for recreational facilities, what is now known and
is being operated as the Palo Duro State Park. It is very late in the ses-
sion to introduce a bill and procure the passage thereof at this session, and
I have been referred to S.B. 386 of the 45th Legislature, Regular Session,
1937, which will be found at page 507 of the General a nd Special Laws for
such session, which is styled 'Panhandle Water Conservation Authority Act.'

"Although styled a Water Conservation Authority Act, and even though in the
second paragraph of Section 1 it is stated that the purposes for a District
to be formed thereunder shall be 'for the control, storing, preservation and
distribution of the waters of the Red, Canadian, and Brozos rivers,' etc.,
nevertheless in the first paragraph of Section 2 on page 508, is this
language: '. . . without limitation of the generality of the foregoing, the
District shall have and is hereby authorized to exercise the following pow-
ers, rights, privileges and functions; . . . Subdivision u.  To provide
recreational facilities, services and locations for the public.'  Subdivi-
sion g provides for the purchase of real property.

     "Question 1:  Under the powers, rights and authority of the above
mentioned S.B. 386, would the counties therein named in Section 1 have
authority to purchase Palo Duro State Park for the purposes above set forth?

     "Question 2:  Under the authority of this Act, and particularly
under Subdivision u thereof, to what extent could the above mentioned pur-
poses be accomplished?"

Section 1 of Senate Bill No. 386, 45th Legislature, Regular Session, 1937, reads as follows:

"There is hereby created within the State of Texas in addition to the districts into which the State has heretofore been divided, a conservation and reclamation district to be known as the Panhandle Water Conservation Authority (hereinafter called the District) and consisting of that part of the State of Texas which is included within the boundaries of the counties of Armstrong, Bailey, Briscoe, Carson, Castro, Childress, Collingsworth, Cottle, Dallam, Deaf Smith, Donley, Floyd, Gray, Hale, Hall, Hansford, Hartley, Hemphill, Hutchinson, Lamb, Lipscomb, Moore, Motley, Ochiltree, Oldham, Parmer, Potter, Randall, Roberts, Sherman, Swisher, and Wheeler.

"Such District shall be and is hereby declared to be a governmental agency and body politic and corporated with the power of governing and with the authority to exercise the rights and privileges and functions hereinafter specified, and the creation of such District is hereby determined to be essential to the accomplishment of the purposes of Section 59 of Article 16 of the Constitution of the State of Texas (to the extent hereinafter authorized) for the control, storing, preservation and distribution of the waters of the Red, Canadian, and Brazos Rivers and their tirbutaries, for the domestic, municipal, flood control, irrigation, power and other useful purposes; the reclamation and irrigation of arid, semi-arid and other land needing irrigation, and the conservation and development of the forests, waters, and hydroelectric power of the State of Texas.

"Nothing in this Act or any other Act or law contained, however, shall be construed as authorizing the District to levy or collect taxes or assessments or to create any indebtedness payable out of the taxes or assessments or in any other way to pledge the credit of the State."

The first paragraph of Section 2 of Senate Bill No. 386 reads as follows:

"Except as expressly limited by this Act, the District shall be and is hereby authorized to exercise all power, rights, privileges and functions conferred by General Law upon any district or districts created pursuant to Section 59 of Article 16 of the Constitution of the State of Texas. Without limitation of the generality of the foregoing, the District shall have and is hereby authorized to exercise the following powers, rights, privileges and functions:

". . .

"Subdivision g. To acquire by purchase, lease, gift or in any other manner (otherwise than by condemnation) and to maingain, use and operate any and all property of any kind, real, personal or mixed, or any interest therein within or without the boundaries of the District necessr y or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act."

Subdivision u of this paragraph is in these words:

"To provide recreational facilities, services and locations for the public."

Under the plain language quoted above, it would seem that the Panhandle Water Conservation Authority has the authority to purchase the Palo Duro State Park, but has no authority to levy taxes in payment of same. It does have authority to issue revenue bonds and pledge the revenues of the Park to provide funds with which to pay the interest as it accrues and the principal at maturity. You have advised us that the Palo Duro State Park is not the property of the State of Texas, and that the title is in certain individuals. Of course, you will understand that it must be shown that the revenues derived from the Park are sufficient to support the bond issue, otherwise they could not be approved by the Attorney General.

Practically all of the various River Authorities which have issued bonds have had to submit the question of their validity to the Supreme Court before the Attorney General would approve them. Lower Colorado River Authority v. McCraw, 83 S.W. (2d) 629; Brazos River Conservation and Reclamation District v. McCraw, 91 S.W. (2d) 665; Lower Neches Valley Authority v. Mann, 167 S.W. (d) 1011; Harris County Clood Control District v. Mann, 140 S.W. (2d) 1098.

The counties named in the Act would have no authority as counties, but any action taken would be in the name of the Authority.

We think the answer to question number one makes it unnecessary to answer question number two.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson

C.F. Gibson
Assistant

CFG:EP:egw

APPROVED MAY 12, 1945
/s/ Carlos Ashby
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By G.W. B.
Chairman